UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TAYON HUTCHINS and )
LATOSHA CONWAY, )
)
Plaintiffs, ) No. 4:13-CV-1155 JAR
)
v. )
)
SOUTHWESTERN BELL TELEPHONE )
COMPANY, INC. and JOHN SCOTT, )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 9). This matter is fully briefed and ready for disposition.

## BACKGROUND

On or around June 15, 2012, Plaintiffs Tayon Hutchins and Latosha Conway (collectively, "Plaintiffs") filed this action in the Twenty First Judicial Circuit Court of Missouri against Defendants Southwestern Bell Telephone Company, Inc. ("SWBTC")[1] and their supervisor, John Scott ("Defendants"). In Counts I and II of the Petition, Plaintiff Tayon Hutchins alleges claims against SWBTC under the Missouri Human Rights Act, 213.010, R.S. Mo. *et seq.* ("MHRA") for sex and race discrimination. In Counts III and IV of the Petition, Plaintiff Latosha Conway alleges claims against SWBTC under the MHRA for sex and race discrimination. In Counts V and VI, Plaintiffs allege claims against John Scott for intentional

---

[1] The parties stipulated that SWBTC is the proper corporate defendant in this matter and stipulated to the dismissal of AT&T, Inc. (Defendants' Notice of Removal, ECF No. 1, ¶2).

infliction of emotional distress. For each count of the Petition, Plaintiffs allege that the amount in controversy exceeds $50,000.00, exclusive of punitive damages and attorney's fees. See Petition, pp. 5, 7, 10, 12, 15, 18.

On July 23, 2012, SWBTC was served with the Petition. On June 11, 2013, SWBTC received Plaintiffs' settlement demand letters, which apparently sought in excess of $75,000. Almost a year after service of the Petition, on June 17, 2013, SWBTC removed this action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1441, 1446. SWBTC claims that the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the allegations of the Petition and Plaintiffs' settlement demands. (Defendant's Notice of Removal, ¶12). SWBTC, however, asserts that it could not have ascertained that Plaintiffs sought more than $75,000 until Plaintiffs provided their settlement demand letters. (Id., ¶¶11, 12). SWBTC also acknowledges that defendant John Scott is a citizen of the forum state and a citizen of the same state as Plaintiff Hutchins. (Id., ¶16). SWBTC, however, claims that Plaintiffs fraudulently joined Scott and this court may disregard his citizenship for purposes of diversity jurisdiction and removal. (Id., ¶20).

In the Motion for Remand, Plaintiffs assert that Defendant's Notice of Removal was untimely and that the citizenship of the parties is not diverse. The Court determines that Defendant's Notice of Removal was untimely and, therefore, does not address Plaintiffs' latter argument.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183

(8th Cir. 1993); Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)); Bachman v. A.G. Edwards, Inc., 4:09CV00057 ERW, 2009 WL 2182345, at *2 (E.D. Mo. July 22, 2009)(citing Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir.2002)("Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts"). The party seeking removal and opposing remand has the burden of establishing jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009); City of Univ. City, Missouri v. AT & T Wireless Services, Inc., 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Manning, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).

Under 28 U.S.C. §1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" "The time limits are mandatory and are strictly construed in favor of state court jurisdiction." Bachman, 2009 WL 2182345, at *3 (citing McHugh v. Physicians Health Plan of Greater St. Louis, 953 F.Supp. 296, 299 (E.D.Mo.1997)). "If a defendant fails to timely file a notice of removal, the defendant's right to remove is foreclosed." Id.

## DISCUSSION

The issue before the Court is whether SWBTC could have ascertained that this case was removable at any point prior to the thirty day time period preceding the filing of its Notice of Removal. Plaintiffs assert that Defendant's Notice of Removal was untimely under 28 U.S.C. §1446(b) and (c). (Motion to Remand, ¶3). In examining this issue, "'the Court must determine at what point [Defendants] could have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts of the action as it developed in state court.'" Stewart v. Mayberry, 4:09cv0569 TCM, 2009 WL 1735773, at *2 (E.D.Mo. June 18, 2009) (quoting Naef v. Masonite Corp., 923 F.Supp. 1504, 1512 (S.D.Ala.1996)). "In determining whether the basis for removal was ascertainable, judges in the Eastern District of Missouri have examined whether the defendant had "clues" regarding the existence of federal jurisdiction and whether he or she timely pursued those "clues." Bachman, 2009 WL 2182345, at *3; McHugh, 953 F.Supp. at 300.

The Court finds, based upon the allegations in the Petition that SWBTC should have ascertained that the amount in controversy was in excess of the $75,000 jurisdictional amount. First, Plaintiffs' Petition indicates that they are seeking in excess of $50,000 for each count of the Petition. The Petition does not indicate that Plaintiffs are pleading in the alternative. That is, Plaintiff Hutchins pleads in total $100,000 in actual damages, plus punitive damages and attorneys' fees, against SWBTC in Counts I-II, and Plaintiff Conway pleads in total $100,000 in actual damages, plus punitive damages and attorneys' fees, against SWBTC in Counts III-IV. Thus, even if the Court disregards the allegations against defendant Scott, Plaintiffs' Petition clearly states that they seek in excess of the jurisdictional amount against SWBTC. See Wright-Broderick v. Southwestern Bell Telephone Company, Inc., No. 4:13cv1441SNLJ (Nov. 7,

2013)(remanding the diversity action as untimely where, on the face of the pleadings, the plaintiff demanded at least $50,000 from defendant AT&T and at least $50,000 from defendant Scott, plus punitive damages and fees). In addition, the Eighth Circuit has held that both punitive damages and attorneys' fees may be considered when determining the jurisdictional amount. Crawford v. Hoffman-La Roche, Ltd., 267 F.3d 760, 765 (8th Cir. 2001); Capitol Indemnity Corp., v. Miles, 978 F.2d 437, 438 (8th Cir. 1992); see also Bell v. Preferred Life Assur. Soc. of Montgomery, Ala., 320 U.S. 238, 240 (1943). Plaintiffs seek punitive damages, and the Missouri Court of Appeals has approved a six-to-one ratio of punitive damages to compensatory damages Williams v. Trans States Airlines, Inc., 281 S.W.3d 854, 872 (Mo. Ct. App. 2009)(upholding a six-to-one punitive damages ratio)); see also Wallace v. DTG Operations, Inc., 563 F.3d 357, 359 (8th Cir. 2009)(reducing punitive damage award from sixteen times compensatory damages to four times compensatory damages on MHRA claim)). Finally, the Court must consider Plaintiff's request for reasonable attorneys' fees, which are generally awarded to a prevailing plaintiff in a MHRA action. See Mo. Rev. Stat. §213.111.2)); Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001)("Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction.").

Based upon the foregoing, the Court finds that SWBTC should have been aware that the jurisdictional amount could have exceeded $75,000.00 at the time of service of the Petition, not only at the time it received Plaintiffs' settlement demand letters, dated June 11, 2013. SWBTC's suggestion that it did not have reason to believe federal jurisdiction existed until it received the settlement demand is unavailing. Plaintiffs' complaint disclosed that the amount in controversy met federal jurisdictional requirements in July 23, 2012, when SWBTC was served with the Petition. Consequently, the June 17, 2013 notice of removal was untimely. The Court,

therefore, does not address whether defendant Scott was fraudulently joined. The Court remands this action to the Twenty First Judicial Circuit Court of Missouri.

The Court declines to award Plaintiffs their attorneys' fees and costs incurred as a result of this removal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [9] is **GRANTED**, in part, and **DENIED**, in part. This matter shall be remanded to the Twenty First Judicial Circuit of Missouri in St. Louis County, Missouri for further proceedings. Plaintiffs' request for attorneys' fees is denied. An order of remand accompanies this Order.

Dated this 18th day of November, 2013.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE