UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAYON HUTCHINS | ) |
| and | ) |
| LATOSHA CONWAY, | ) |
| Plaintiffs, | ) No. 4:13-CV-1155 JAR |
| v. | ) |
| SOUTHWESTERN BELL TELEPHONE COMPANY, INC., | ) |
| and | ) |
| JOHN SCOTT, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Reconsider (ECF No. 27). This matter is fully briefed and ready for disposition.

## STANDARD OF REVIEW

A district court has broad discretion in determining whether to grant a motion to alter or amend judgment. Fed.R.Civ.P. 59(e); see also United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir.2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Metro. St. Louis Sewer Dist., 440 F.3d at 933 (internal quotes omitted). The purpose of Rule 59 is to allow the district court "the power to rectify its own mistakes in the period immediately following the entry of

judgment." Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir.1996), quoting White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982). A Rule 59(e) motion to alter or amend the judgment must show: "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." Bannister v. Armontrout, 807 F.Supp. 516, 556 (W.D.Mo.1991), aff'd, 4 F.3d 1434 (8th Cir.1993).

Importantly, a motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment." Garner v. Arvin Indus. Inc., 77 F.3d 255, 258 (8th Cir.1996); see also Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.1988) (stating that a Rule 59(e) motion should not "serve as the occasion to tender new legal theories for the first time")(internal quotes omitted); Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir.1998) (Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment").

**DISCUSSION**

In the Motion for Reconsideration, Defendants assert that the Court erroneously remanded this action back to state court. Defendants assert that the Petition did not provide sufficient information from which a fact finder might legally find that the damages exceeded the jurisdictional amount. Defendants claim that the Court erroneously determined that Plaintiffs' amount pleaded in the Petition was a quantifiable amount of damages, rather than a general allegation regarding the amount in controversy to avoid associate circuit court. Defendants also assert that Plaintiffs' claims should not be aggregated for purposes of determining the amount in controversy. Finally, Defendants assert that this Court's decision was contrary to other Eighth

Circuit precedent and put them in the untenable position of having to remove the Petition when it was filed, despite inapposite federal precedent.

First, the Court finds that Defendants' Motion is an inappropriate vehicle for a Fed.R.Civ.P. 59(e) motion, as all of these issues were addressed previously by the Court. Moreover, although Defendants frame the Petition as only requesting the jurisdictional amount to stay out of associate circuit court, the Petition clearly reads that Plaintiffs seek "actual damages in a sum in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages, and for costs of suit and attorney fees." Defendants claim that Walz mandates denial of the motion to remand (ECF No. 28, pp. 5-8), but the complaint in Walz did not allege any specific amount of damages. Walz v. FedEx Office & Print Servs., Inc., 2:12-CV-04188-NKL, 2012 WL 5386058, at *1 (W.D. Mo. Nov. 2, 2012).[1] Finally, although the Court did not rely exclusively on aggregation of Plaintiffs' claims to satisfy the jurisdictional amount, the Court maintains that aggregation of claims is permissible in this case. Plaintiffs' Petition is not pled in the alternative, and a "single plaintiff may properly aggregate all of the claims which he has against the defendants to satisfy the jurisdictional amount[.]" Lynch v. Porter, 446 F.2d 225, 228 (8th Cir.1971); Franklin v. Pinnacle Entm't, Inc., 4:12-CV-307 CAS, 2012 WL 1280272, at *5 (E.D. Mo. Apr. 16, 2012).[2] Defendants aptly note that "the court may not aggregate claims that merely assert different theories of recovery for the same damages." Frump ex rel. Aubuchon v. Claire's Boutiques, Inc., 10-1106-CV-W-SWH, 2011 WL 1103055, at *3 (W.D. Mo. Mar. 22, 2011). Here, however,

---

[1] The Court acknowledges that "Missouri rules that prohibit pleading specific damage amounts in tort cases, except as necessary to establish state circuit court jurisdiction." Franklin, 2012 WL 1280272, at *5, citing Mo. R. Civ. P. 55.05; Mo.Rev.Stat. § 509.050.1(2) (2000). However, the Court believes that Plaintiffs' Petition did more than simply allege the jurisdictional amount, and provided a "clue" that the amount in controversy would exceed $75,000. See Bachman v. A.G. Edwards, Inc., 4:09CV00057 ERW, 2009 WL 2182345, at *3 (E.D. Mo. July 22, 2009).

[2] Defendants cite Franklin v. Pinnacle Entm't, Inc. in support of their Motion for Reconsideration. (ECF No. 28, pp. 3-4).

there are different theories of recovery and different damages. Plaintiffs' sex and race claims involve discrete acts of discrimination and harassment and, therefore, properly can be aggregated. See ECF No. 31, p. 5 (outlining the different acts that support these different claims).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Reconsider [27] is **DENIED**.

Dated this 17th day of December, 2013.

                                                                                **JOHN A. ROSS**
                                                                                **UNITED STATES DISTRICT JUDGE**